UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-129-HRW

TEDDY ALBERT ALLMAN                                                          PLAINTIFF

VS:                      **MEMORANDUM OPINION AND ORDER**

ROBERT STILSON, ET AL.                                                       DEFENDANTS


Teddy Albert Allman, who is presently confined in the Eastern Kentucky Correctional
Complex ("EKCC") in West Liberty, Kentucky, has filed a civil rights complaint under 42
U.S.C. §1983. He has filed a motion to proceed *in forma pauperis*, which motion the Court will
address by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v.
Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). To establish a right to relief under §1983,
the plaintiff must plead and prove two essential elements. He must show, first, that he has been
deprived of rights secured by the Constitution or laws of the United States and, second, that the
defendants allegedly depriving him of those rights acted under color of state law. *Parratt v.
Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See
Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in
a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v.
Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), the district

Dockets.Justia.com

court can dismiss a case at any time if it determines the action:  (i) is frivolous or malicious, or

(ii) fails to state a claim upon which relief can be granted.

NAMED DEFENDANTS

The plaintiff names the following defendants: (1) Robert Stilson, Chaplain of the EKCC;

(2) John Motley, Warden of the EKCC; and (3) John Rees, Commissioner of the Kentucky

Department of Corrections ("KDOC").

CLAIMS

The plaintiff alleges that because the named defendants have withheld their consent to

allow him to marry Teresa G. Davidson, they violated his constitutional rights.  Construed

broadly, his claims would fall under the First Amendment (freedom of speech or assembly), or

the Eighth Amendment of the United States Constitution (freedom to be free from cruel and

unusual punishment).  Plaintiff also seeks transfer to another correctional facility.

ALLEGATIONS OF THE COMPLAINT

The plaintiff has filed number of exhibits in support of his §1983 complaint.  These

exhibits appear as attachments to several submissions, docketed as Record Nos. 1, 3, and 5.[1]

These exhibits consist of, but are not limited to, handwritten statements from the plaintiff;

handwritten statements from Teresa G. Davidson; copies of photos; copies of KDOC policies;

Plaintiff's grievance efforts within the EKCC and the KDOC; docket information from the

Kentucky Court of Appeals; docket information from the Fayette Circuit Court; correspondence

to and from the Fayette Circuit Court and various other documents.  The Court has summarized

the plaintiff's lengthy filings, and his numerous attachments, into the following chronology.

---

[1]

The exhibits attached to these three filings are duplicates of each other.

Plaintiff was convicted in the Fayette Circuit Court of committing a sexual offense, or offenses, against a minor, S.L.R.  Teresa G.  Davidson is S.L.R.'s mother.  Davidson and the plaintiff state in their various handwritten submissions that they have had a 10-year relationship. While it is unclear exactly when the plaintiff was convicted of the sexual offense or offenses against S.L.R., it appears his conviction was either in 2004 or 2005.

The plaintiff and Davidson express in their filings a desire to marry each other.  Davidson states in one of her handwritten filings that she no longer has custody of S.L.R. because S.L.R. had been put in the care of foster parents.

The plaintiff states that he sought permission from Defendant Robert Stilson, the Chaplain of the EKCC, to marry Teresa G.  Davidson.  Chaplain Stilson denied that request by memorandum on May 2, 2005, relying on KDOC Policy and Procedure 14.3, which governs inmate marriages.  CPP 14.3 states in relevant part:

A.    Inmates who want to marry during their incarceration may do so if they receive the approval of the Warden of their institution or the Community Center Program Manager.

B.    A Warden or Community Center Program Manager shall disapprove a marriage for the following reasons:

1.    There is a legal restriction to the marriage;

2.    The proposed marriage threatens the security of the institution or the public;

3.    The inmate making the request is emotionally unstable or incompetent;

4.    The inmate desires to marry a current Corrections employee; or

5.    The inmate desires to marry an inmate currently incarcerated at another institution.

3

The plaintiff appealed the Chaplain's decision to EKCC Grievance Aide, the EKCC Grievance Committee, and to the EKCC Warden, who denied the plaintiff's appeal on August 17, 2005. Warden Motley advised the plaintiff that in light of his (Motley's) denial, Plaintiff should appeal to the KDOC Deputy Commissioner of Adult Institutions.

While the plaintiff takes issue with the exact manner in which the grievance process was handled at EKCC, it is clear that he did, in fact, pursue his appeal to the KDOC. On October 19, 2005, John Rees, KDOC Commissioner, denied the plaintiff's appeal on the ground that a marriage to a relative of the sexual assault victim, while the plaintiff is still incarcerated, "could be seen as contrary to the penological and rehabilitative goals of the prison system." [Rees Denial, 10/19/05] [2] Rees advised the plaintiff that upon his release from KDOC custody, there would be no impediment to his marrying Davidson, (S.L. R.'s mother), because the victim would be an adult by the time the plaintiff is released from prison.

The plaintiff's filings reflect that on December 20, 2005, the plaintiff filed a "Petition for Declaration of Rights" in the Morgan Circuit Court. *See Teddy Allman v. John Motley, EKCC Warden et al.*, 05-CI-00315. In that petition, the plaintiff asserted the same claim that he raises in the instant § 1983 action. He alleged that the Warden Motley's and the KDOC's refusal to grant him permission to marry Teresa G. Davidson violated his constitutional rights under the due process clauses of the United States and the Kentucky Constitutions.

---

[2]

Rees did not expressly refer to CPP 14.3. His denial was based upon penological and rehabilitative goals of the prison system. Public safety is addressed in CPP 14.3, § II (B)(2).

On April 27, 2006, Morgan Circuit Judge Samuel C. Long entered an order dismissing the plaintiff's "Petition for Declaration of Rights," finding that the plaintiff failed to demonstrate that his due process rights had been violated.

On May 16, 2006, the plaintiff appealed the dismissal by the Morgan Circuit Court to the Kentucky Court of Appeals. The case is styled *Teddy Allman (Appellant) v. John Motley (Appellee)*, 2006-CA-601018. That case is still pending in the Kentucky Court of Appeals. No briefs have been filed and no disposition has been made of the appeal. On August 30, 2006, the plaintiff filed his §1983 action in this Court.

## DISCUSSION
### 1. *Rooker-Feldman* Doctrine

What the plaintiff is actually pursuing in this Court, through the mechanism of a civil rights action under §1983, is a collateral challenge to the Morgan Circuit Court's dismissal of his 2005 complaint. The plaintiff chose the venue in which to assert his constitutional claims (Morgan Circuit Court), but he did not prevail there. He filed an appeal to the Kentucky Court of Appeals, which appeal is now pending; but, apparently unsatisfied with that avenue, he now seeks damages from the defendants in this Court. He also seeks injunctive relief in the form of an order requiring the KDOC to transfer him to another prison.

There are two doctrines which dictate the dismissal of this case. The first doctrine was enunciated in *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983), and *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923). The *Rooker-Feldman* doctrine provides that a district court lacks jurisdiction to determine the validity of state court judgments. *See Feldman*, 460 U.S. at 486, 103 S. Ct. 1303. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the

United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Only the United States Supreme Court has jurisdiction to correct state court judgments. *Feldman*, 460 U.S. at 482.

The instant §1983 action is essentially an appeal, or, at a minimum, an unauthorized "insurance policy" of the plaintiff's unfavorable decision from the Morgan Circuit Court. As the source of the injury is the state court decision against the plaintiff, the *Rooker-Feldman* doctrine prevents this Court from asserting jurisdiction. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). Accordingly, the Court lacks jurisdiction to entertain this action.

## 2. Abstention Doctrine

The second doctrine which causes the Court to decline consideration of the instant § 1983 complaint is the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed.2d 1 (1987), federal courts must abstain from hearing challenges to pending state proceedings where the state's interest is so important that exercising federal jurisdiction would disrupt the comity between federal and state courts. *Id*. 481 U.S. at 17.

Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir.1996). Simply put, the *Younger* abstention doctrine counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state proceedings. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir.2001).

Here, *Younger* abstention is appropriate.  In the "Petition of Declaration of Rights," filed in Morgan Circuit Court,  the plaintiff specifically argued that the KDOC's failure to grant him permission to marry Teresa G. Davidson violated his federal and state constitutional rights (namely, due process).    After the Morgan Circuit dismissed his petition on the merits, the plaintiff appealed the dismissal to the Kentucky Court of Appeals.  That appeal, (Case No. 2006-CA-001018) is currently pending in the Kentucky Court of Appeals.

In the instant proceeding, all of the criteria which mandate abstention have been satisfied First, there is an ongoing state court proceeding, being Kentucky Court of Appeals Case No. 2006-CA-00108.  Second, the plaintiff has an opportunity to litigate his constitutional claims (the denial of his request to marry Teresa G. Davidson) in that pending Kentucky Court of Appeals proceeding.  Third, the Commonwealth of Kentucky has a legitimate and important state interest in control over its public policies concerning marriages of inmates confined in its correctional facilities.  *Younger* abstention principles prevent this Court from interfering with the plaintiff's appeal, now pending in the Kentucky Court of Appeals.

### 3.  Transfer Request

To the extent that the plaintiff seeks a transfer to another facility, in hopes of obtaining permission to marry Teresa G. Davidson, he asserts no constitutional claim.  Well-settled law establishes that with regard to prison transfers and classification status, prisoners have no constitutional entitlement to invoke due process claims.  *Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976); *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 846 (1976) (inmates have neither protected liberty interests nor property interests in custodial classification).

A prisoner has no entitlement protected by due process to a particular security classification or to be incarcerated in a particular facility. *See Moody v. Daggett*, 429 U.S. at 88 n.9; *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S. Ct. 2543 (1976). For this reason, the Court must deny the plaintiff's request to be transferred to another prison.

CONCLUSION

Accordingly, it is **ORDERED** that this action [06-CV-129-HRW] is **DISMISSED WITH PREJUDICE**, *sua sponte,* from the docket of the Court. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This September 13, 2006.

Signed By:

*Henry R Wilhoit Jr.*

United States District Judge

8