UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-129-HRW

TEDDY ALBERT ALLMAN                                                         PLAINTIFF

VS:                   **MEMORANDUM OPINION AND ORDER**

ROBERT STILSON, ET AL.                                                   DEFENDANTS

Teddy Albert Allman, the pro se plaintiff presently confined in the Eastern Kentucky Correctional Complex ("EKCC") in West Liberty, Kentucky, has filed a "Memorandum Statement and Request for Correction of a Clerical Error" [Record No. 11]. The Court broadly construes this submission as a motion seeking relief from judgment or order under the provisions of Fed. R. Civ. P. 60(b).[1]

In his current motion, the plaintiff states that he was unaware that he was required to ". . . proceed directly to the federal Supreme Court on this matter due to the fact that I started this frist {sic} in state court, nor was I aware I must follow through at the state level befor {sic} going on to a federal forum." [Record No. 11, p. 1]. He then clarifies that the purpose of filing his original §1983 complaint was to seek "injunctive relief on the matter of being denied my fundamentally protected right to marry under the 1st and 9th Amendment of the United States

---

[1] On September 13, 2006, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") [Record No. 8] dismissing the plaintiff's complaint, filed under 42 U.S.C. §1983. In the Opinion and Order, the Court concluded that the *Rooker-Feldman* doctrine and the federal abstention doctrine precluded consideration of the plaintiff's First Amendment claim relating to his request to marry Teresa G. Davidson. The EKCC denied the plaintiff's request to marry Davidson. As the detailed allegations of the complaint and the Court's findings and legal conclusions are fully explained in the Opinion and Order, the Court will not repeat either here.

Constitution." [*Id*., p. 2] The plaintiff then sets forth a lengthy legal argument supporting his claim that EKCC officials violated his First Amendment rights when they denied his request to marry Teresa G. Davidson.

## DISCUSSION

In order to obtain relief from a judgment or order under Fed. R. Civ. P. 60(b), a movant must demonstrate that an order (or judgment) was entered as a result of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered in time to move for a new trial under Rule 59(b); or (3) fraud, misrepresentation, or other misconduct of the adverse party.[2] *See also Johnson v. Unknown Dellatifa*, 357 F.3d 539, 541 (6th Cir. 2004) (as a prerequisite to relief in a motion for relief from judgment, a party must establish that the facts of its case are within one of the enumerated reasons contained in the federal rule of civil procedure governing motion for relief from judgment that warrant relief from judgment).

Here, the plaintiff alleges nothing in his current submission which would persuade the Court that the Opinion and Order was in error in any respect. There was no "clerical error." In his complaint, the plaintiff sought "special damages" from the defendants and injunctive relief in the form of an order transferring him to another institution (presumably in hopes that another prison might approve his request to marry Teresa G. Davidson). The fact that the plaintiff now clarifies his §1983 complaint by stating that he seeks only injunctive relief in the form of an order directing the EKCC officials to approve his marriage request is irrelevant. The *Younger*

---

[2] There are several other grounds set forth in Rule 60(b) which serve as a basis for relieving a party from a final judgment, none of which are applicable in this case.

abstention doctrine,[3] which the Court discussed in the Opinion and Order, would bar the plaintiff's claims in this Court without regard to the nature of the relief sought.

The *Younger* abstention doctrine precludes this Court's consideration of a pending state court matter. Under *Younger* and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed.2d 1 (1987), federal courts must abstain from hearing challenges to pending state proceedings where the state's interest is so important that exercising federal jurisdiction would disrupt the comity between federal and state courts. *Pennzoil*, 481 U.S. at 17.

Review of the Kentucky Court of Appeals' website, "http:/ apps.kycourts.net/coa," reveals that the appeal of the plaintiff's state court action (in which he raised the same constitutional claims he asserted in his §1983 complaint in this Court) is still pending in the Kentucky Court of Appeals. The most recent entry on the appellate docket is dated October 3, 2006: "Motions Scheduled for Following Steps." That docket entry followed the preceding September 26, 2006 activity in the appeals case, being listed as "Procedural Motion: Appellant's Motion for Additional Time to File Brief, Tender Brief."

Clearly, the plaintiff's appeal is an ongoing piece of litigation. It is essentially identical to the §1983 complaint which he filed herein on August 30, 2006. The Court will not interfere with the pending state court matter by entertaining a §1983 complaint. The fact that the plaintiff now attempts to clarify his §1983 complaint by stating that he seeks only injunctive relief is irrelevant. The *Younger* abstention doctrine would bar the plaintiff's claims in this Court without regard to the nature of the relief sought.

---

[3] *See Younger v. Harris*, 401 U.S. 37 (1971).

Finally, the plaintiff may be confused about how application of the *Rooker-Feldman* doctrine affects his ability to assert constitutional claims in this Court at some point in the future. As noted, the plaintiff chose to pursue his First Amendment claims in state court. A broad reading of the plaintiff's recent filing indicates, or suggests, that if the plaintiff is unsuccessful in the state appellate courts, and if he is unsuccessful in seeking discretionary review in the United States Supreme Court, he may then come back to this Court (district court) and re-assert his §1983 claims.[4] That result would be prohibited by the *Rooker-Feldman* doctrine.

As the Court clearly explained in the Opinion and Order, the *Rooker-Feldman* doctrine provides that a district court lacks jurisdiction to determine the validity of state court judgments. *See Feldman*, 460 U.S. at 486, 103 S. Ct. 1303. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Only the United States Supreme Court has jurisdiction to correct state court judgments. *Feldman*, 460 U.S. at 482.

If the plaintiff is unsuccessful in the Kentucky Court of Appeals, and if he is unsuccessful in obtaining discretionary review in both the Kentucky Supreme Court *and* the United States Supreme Court, he may not reassert his §1983 claims again in this Court. As noted in the Opinion and Order, such action would amount to nothing more than an appeal or an unauthorized challenge of the plaintiff's unfavorable decision in the Kentucky state courts. [*See* Op. & Ord., Record No. 8, p. 6]

---

[4] The plaintiff states that "nor was I aware I must follow through at the state level befor {sic} going on to a federal forum." [Record No. 11, p. 1]

4

CONCLUSION

Accordingly, the plaintiff's "Memorandum Statement and Request for Correction of a Clerical Error" [Record No. 11], which the Court construes as a motion seeking relief from judgment or order under the provisions of Fed. R. Civ. P. 60(b), is **DENIED**.

This October 6, 2006.

Signed By:
Henry R Wilhoit Jr.
United States District Judge