UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-129-HRW

TEDDY ALBERT ALLMAN                                                                           PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

ROBERT STILSON, ET AL.                                                                     DEFENDANTS

Currently before the Court for consideration is the letter [Record No. 14] which Teddy Albert Allman, the *pro se* plaintiff, has filed.[1] The Court construes the plaintiff's letter as a *second* Motion for Relief from Judgment Or Order Pursuant to Federal Rules of Civil Procedure Rule 60.

CONSTRUED MOTION

The Court will not repeat the plaintiff's claims and the procedural history of this case, as they are set forth in detail in the Memorandum Opinion and Order entered on September 13, 2006 [Record No. 8], and in the subsequent Memorandum Opinion and Order entered on October 6, 2006 [Record No. 13].[2] In his current letter/construed motion, the plaintiff states that he is in fear of his life at the EKCC. Accordingly, he reiterates his earlier request to be transferred to another prison facility.

---

[1] The plaintiff is confined in the Eastern Kentucky Correctional Complex ("EKCC") in West Liberty, Kentucky.

[2] That Order denied the plaintiff's first motion for relief from judgment under Fed.R.Civ.P. 60(b). That Order is the same Order filed on October 6, 2006, docketed as Record No. 12.

The plaintiff alleges that he may be subjected to possible acts of retaliation. He does not provide any specifics to back up that claim, other than to state that he has "been placed in the hole under investigation for a clearly trumped up accusation." He states that mail from his fiancé has been censored and that she is extremely worried about him. He provides his fiance's telephone numbers to the Court and invites the undersigned to call her to confirm his claims.

## DISCUSSION

First, the Court must deny the plaintiff's construed motion for an order directing the EKCC to transfer him to another prison. Prisoners have no inherent constitutional right to a transfer to another prison, any particular security classification, or housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S. Ct. 1741 (1983); *Meachum v. Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S. Ct. 2543 (1976); *Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976); *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 846 (1976).

Second, as for the decision to place the plaintiff in either disciplinary or administrative segregation, the Court will neither meddle with the Kentucky Department of Corrections' classification process, *Moody v. Daggett*, 429 U.S. at 88; *Montanye v. Haymes*, 427 U.S. at 242, nor micro-mange the decisions of the EKCC prison administrators. *Bell v. Wolfish*, 441 U.S. 520 (1979). Such placement is not unconstitutional unless it continues for unlimited duration and/or the prisoner sustains a loss of good-time credit. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293 (1995) (30-day sentence to segregation upheld); *Ford v. Harvey*, 106 Fed. Appx. 397 (Not selected for publication in the Federal Reporter) (6th Cir. (August 6, 2004)) (State prisoner's placement in disciplinary confinement did not implicate a liberty interest entitled to

due process protection, where it was neither accompanied by loss of good time credits nor lasted for a significant period of time causing an unusual hardship on prisoner).

Third, the plaintiff raises new claims in his letter which are unrelated to the claims set forth in his original complaint. He states that he is being targeted for retaliation for unspecified reasons. The plaintiff will be required to file a **new** civil action if he wishes to assert these First Amendment claims. The Prison Litigation Reform Act, 28 U.S.C. §1915A ("the PLRA"), does not allow the plaintiff to amend his complaint after dismissal in order to assert new claims.

The PLRA requires a district court to screen a complaint which seeks redress from any governmental entity as soon as it is filed and to determine if that complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §1915A. The Sixth Circuit held in *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), that if a complaint subject to screening was required to be dismissed under §1915(e)(2) "*when filed*, the district court should sua sponte dismiss the complaint." *Id*. (Emphasis Added). *See also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) ("As we held in *McGore*, a plaintiff in a case covered by the PLRA may not amend his complaint to avoid *sua sponte* dismissal).[3]

Here, the Court found that when Plaintiff Allman's complaint was filed, it ran afoul of the *Younger* abstention doctrine. Accordingly, the Court determined that it had no subject matter jurisdiction over his claims stemming from the EKCC's refusal to allow him to marry Teresa G. Davidson.

---

[3] The Sixth Circuit observed in *Baxter v. Rose* that: "The possibility of amendment undermines the screening process, preventing courts from efficiently evaluating whether the plaintiff met the exhaustion requirement." *Id*. at 489.

Fourth and finally, the plaintiff is further advised that if he elects to file a new civil action asserting retaliation claims under the First Amendment, he must first administratively exhaust those claims.[4] His failure to do so will result in dismissal (without prejudice) of those claims.

CONCLUSION

The plaintiff's letter [Record No. 14], construed as a *second* Motion for Relief from Judgment Or Order Pursuant to Federal Rules of Civil Procedure Rule 60, is **DENIED**.

This October 31, 2006.



Signed By:
Henry R Wilhoit Jr.
United States District Judge

---

[4] The KDOC has promulgated a set of administrative regulations at 501 K. A. R. 6:020. These regulations, referred to as "Corrections Policies and Procedures" ("CPP"), govern various aspects of prison life and prison procedures. CPP Number 14.6 (February 3, 2006) is entitled *Inmate Grievance Process,* and explains the four steps which state inmates are required to pursue in order to file a grievance. CPP 14.6, § II (J)(1)-(4), requires a prisoner in a state correctional institution to submit a written grievance, following specific criteria. He must informally attempt to resolve his grievance by submitting it to the prison's Grievance Aide, the Grievance Coordinator, the department head, or institutional staff. *Id*., § (II)(J)(1)(a) and(b) ("Step 1").

If the attempt at informal resolution fails, he must pursue formal steps by seeking a hearing before the Grievance Committee [*Id*., § (II)(J)(2) ("Step 2")]. If unhappy with that outcome, the prisoner must forward the Committee's decision to the warden, who is responsible for making a final written decision [*Id.*,§ (II)(J)(3) ("Step 3")]. A prisoner who is not satisfied with the warden's final decision may appeal that decision to the Commissioner of the KDOC within fifteen days [*Id*., § (II)(J)(4) ("Step 4").